UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| R.J.,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK INC.; INSTAGRAM; MARK ZUCKERBERG; GOOGLE; GOLDEN NUGGET CASINO; SCIENTIFIC GAMES (a.k.a. SG DIGITAL); EZUGI GAMING; MGM CASINO a.k.a. BET MGM; CASINO PARTY; BORGATA CASINO; BORGATA HOTEL CASINO & SPA; BET AMERICA CASINO; DRAFT KINGS CASINO; STATE OF NEW JERSEY; "JOHN DOES 1-10" and "ABC COMPANIES 1-10" (both being fictitious designations),<br><br>Defendants. | Case No. 2:20-cv-17136<br><br><br><br>NOTICE OF REMOVAL |

Defendants Facebook, Inc. ("Facebook"), Instagram LLC (sued herein as "Instagram"), and Mark Zuckerberg ("Mr. Zuckerberg") (collectively, the "Facebook Defendants"), by their attorneys Pincus Law LLC, hereby remove this Action from the Superior Court of New Jersey, County of Bergen, Law Division, where it is docketed as Docket No. BER-L-006066-20, to the United States District Court for the District of New Jersey under 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  As explained further below, this Court has removal jurisdiction under 28 U.S.C. §1441 because Plaintiff's claims raise a federal question over which this

1

Court has original jurisdiction under 28 U.S.C. § 1331 and this Court has 28 U.S.C. § 1367 supplemental jurisdiction over Plaintiff's state law claims.

## PROCEDURAL BACKGROUND

1. On or about October 13, 2020, Plaintiff, who seeks to proceed pseudonymously as "R.J." filed a Complaint (the "Complaint") in the Superior Court of New Jersey, County of Bergen, Law Division, titled *R.J.. v. Facebook, Inc.*, Docket No. BER-L-006066-20 (the "State Court Action"), though it was recorded on New Jersey's eCourts system as "*J.R. v. Facebook, Inc.*"

2. On October 26, 2020, Plaintiff served Mr. Zuckerberg by process server at 1 Hacker Way, Menlo Park, California. A true and correct copy of the Summons and Complaint served on Mr. Zuckerberg is attached as Exhibit A. Plaintiff has not served any other papers in the State Action.

3. Plaintiff has not yet filed proof of service on any Defendant in the State Court Action.

4. Plaintiff alleges that he downloaded a "freeware mobile application" called "AbZorba Live BlackJack" from Defendant Google's "Google Play Store" in around September or October 2020. (Compl. at ¶¶ 1-2.)

5. According to Plaintiff, Facebook and Instagram then began showing him an "overwhelming amount of advertisements" for casino and gaming services based on his download and use of the "AbZorba Live Blackjack" application. (*Id.*

at ¶¶ 3, 5.) Plaintiff attributes these targeted advertisements to data analytics and claims that Facebook, and Instagram did this despite previously having shown him advertisements related to mental illness and addiction. (*Id.* at ¶¶ 5,7.)

6. Plaintiff claims that, although he had no intention of gambling with real money when using the AbZorba Live BlackJack application, the "overwhelming amount of advertisements" on Facebook and Instagram caused him to subscribe to gaming services provided by Defendants Golden Nugget Casino, MGM Casino, Casino Party, Borgata Casino, Bet America Casino, and Draft Kings Casino (the "Casino Defendants"), and use remote gambling applications designed by Defendants Scientific Games and Ezugi, which led him to become addicted to gambling. (*Id.* at ¶¶ 3-4, 6, 9, 31-34, 46.)

7. Plaintiff alleges that he sustained gambling losses, including losses attributable to the allegedly defective nature of Defendant Scientific Games's "SG Blackjack" application. (*Id.* at ¶¶ 9-15.) Although Plaintiff also alleges physical and emotional damages, he does not allege any specific cause of his damages beyond these gambling losses and alleged demeaning behavior by casino dealers and support staff. (*Id.* ¶¶ 9-15, 52.)

8. The Complaint purports to assert claims against all Defendants for negligence, "bad faith," legal misrepresentation/fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, Americans with

Disabilities Act ("ADA") violations, conversion, breach of fiduciary duty, "harm to Plaintiff's credit worthiness," "careless contractual work injuring Plaintiff," and invasion of privacy. (*See id.* at ¶ 16 & Counts 1-12.) Plaintiff also seeks declaratory judgments (a) holding that the New Jersey statutes governing internet gaming (N.J.S.A. § 5:12-95.17 through 5:12.95.33) violate the New Jersey state constitution; and (b) Facebook, Instagram, and Google's "tortious acts and omissions" constitute an Invasion of Privacy to Plaintiff and similarly situated persons using their services. (*Id.* at Counts 13-14.)

## REMOVAL JURISDICTION BASED ON FEDERAL QUESTION/SUPPLEMENTAL JURISDICTION

9. This is a civil action over which this Court has removal jurisdiction under 28 U.S.C. § 1441, which generally allows the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

10. Here, the federal courts have original jurisdiction over Plaintiff's ADA claim under 28 U.S.C. § 1331 because it "aris[es] under the Constitution, laws, or treaties of the United States." *Id.* Further, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because they are "so related to the claims in the action within such original jurisdiction" that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

4

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

11.     The Summons and Complaint, which were the only process, pleadings, and orders served upon Mr. Zuckerberg in the State Court Action, are attached to this Notice of Removal as Exhibit A.

12.     Upon information and belief, Mr. Zuckerberg, Facebook, Inc., Google, Scientific Games Corp. (sued herein as "Scientific Games"), and Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa (sued herein as "Borgata Hotel Casino & Spa" and "Borgata Casino") are the only properly joined and served Defendants.  Mr. Zuckerberg, along with Facebook and Instagram, are represented by the undersigned counsel and all three consent to this removal under 28 U.S.C. § 1446(b).  Counsel for Google, Scientific Games Corp., and Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa have indicated to the undersigned that they consent to removal and will file their consent with this Court in due course.

13.     This Notice of Removal has been filed within 30 days of the date that Mr. Zuckerberg was served with the Summons and Complaint in this matter (October 26, 2020).  Removal therefore is timely under 28 U.S.C. § 1446(b).

14.     Removal is properly made to this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the District of New Jersey

is the federal judicial district court embracing the Superior Court of New Jersey, County of Bergen, where the New Jersey State Action originally was filed.

15.  As required under 28 U.S.C. § 1446(d), the Facebook Defendants promptly will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, County of Bergen.  A true and correct copy of the Notice of Filing is attached as <u>Exhibit B</u>.

16.  As required under 28 U.S.C. § 1446(d), the Facebook Defendants promptly will serve all adverse parties who have appeared in the State Court Case with a true and correct copy of this Notice of Removal.

## RESERVATION OF RIGHTS AND DEFENSES

17.  The Facebook Defendants expressly reserve all rights, defenses, and objections to the Summons and Complaint, the State Court Action, or any other action brought by or on behalf of Plaintiff, including but not limited to defenses and objections as to personal jurisdiction and venue.  The Facebook Defendants file this Notice of Removal without waiving any such rights, defenses, and objections and intend no admission of fact, law, or liability by filing this Notice.

18.  The Facebook Defendants reserve the right to amend or supplement this Notice of Removal.

[SIGNATURE TO FOLLOW]

Dated:  November 25, 2020

        s/ Mark S. Pincus
Mark S. Pincus
PINCUS LAW LLC
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 962-2900
mark@pincus-law.com
*Attorneys for Defendants Facebook, Inc., Instagram LLC, and Mark Zuckerberg*