# EXHIBIT A

to Notice of Removal

**SUMMONS**

| | | |
|---|---|---|
| Attorney(s) | RAMI JALOUDI | |
| Office Address | 78 W. HUDSON AVE, APT C1 | |
| Town, State, Zip Code | ENGLEWOOD, NJ 07631 | |
| Telephone Number | 201-832-5000 | |
| Attorney(s) for Plaintiff | | |

R.J.

_____

Plaintiff(s)

Vs.
FACEBOOK INC., ET AL.

_____

Defendant(s)

**Superior Court of
New Jersey**

Bergen                COUNTY

LAW                   DIVISION

Docket No:   BER-L-006066-20

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
Clerk of the Superior Court

DATED:     10/16/2020

Name of Defendant to Be Served:   MARK ZUCKERBERG

Address of Defendant to Be Served:   1 HACKER WAY #10, MENLO PARK, CA 94025

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Rami Jaloudi
78 W. Hudson Avenue, Apt. C1
Englewood, New Jersey 07631
Telephone No.:   (201) 832-5000
Email: RJaloudi@gmail.com
*Pro Se* Plaintiff.

| | |
|---|---|
| R.J.,<br><br>*Plaintiff,*<br><br>v.<br><br>FACEBOOK INC., INSTAGRAM, MARK ZUCKERBERG, GOOGLE, GOLDEN NUGGET CASINO, SCIENTIFIC GAMES (a.k.a. SG DIGITAL), EZUGI GAMING, MGM CASINO a.k.a BET MGM, CASINO PARTY, BORGATA CASINO, BORGATA HOTEL CASINO & SPA, BET AMERICA CASINO, DRAFT KINGS CASINO, and the STATE of NEW JERSEY, "JOHN DOES 1-10", and "ABC COMPANIES 1-10" (both being fictitious  designations),<br><br>*Defendants.* | **SUPERIOR COURT OF NEW JERSEY**<br><br>**LAW DIVISION: BERGEN COUNTY**<br><br><br>**DOCKET NO.: BER-L-006066-20**<br><br>**CIVIL ACTION** |

## COMPLAINT, JURY DEMAND & DECLARATORY RELIEF

Pursuant to A.B.C. v. XYZ Corp., 660 A.2d 1199 (N.J. Super. Ct. App. Div. 1995) and Doe v. Tris Comprehensive Mental Health, Inc., 690 A.2d 160 (N.J. Super. Ct. Law Div. 1996), Plaintiff, RAMI JALOUDI, hereinafter referred to as "R.J.", uses such pseudonym in the above-captioned Civil Action and wishes to move forward with the life cycle of the instant Civil Action using such pseudonym to protect his identity based on the following compelling circumstances: his serious mental condition (suffering from bipolar disorder, depression, learning disabilities and ADHD) and gambling addiction, and in conjunction with harm to his professional reputation and practice, it is

respectfully submitted to this Honorable Trial Court that the "compelling circumstances" are sufficient to overcome the presumption against open trials.

Plaintiff, R.J., residing at 78 W. Hudson Avenue, Apt. C1, in the Borough of Englewood, within the County of Bergen, of the State of New Jersey, by way of Complaint against Defendants, says:

**INTRODUCTION**

1.     At all times herein relevant, Plaintiff, R.J., (hereinafter referred to as "Plaintiff", used a freeware mobile application named "AbZorba Live BlackJack", which was made available on Defendant, GOOGLE, INC's, mobile application platform, entitled the "Google Play Store";

2.     Plaintiff began using the above-referenced mobile application on or about late September 2020 and until October of 2020;

3.     Shortly thereafter, defendants, INSTAGRAM and FACEBOOK, began showing an overwhelming amount of advertisements on Plaintiff's Instagram and Facebook accounts (Accounts bearing the names/titles @Rami_Jaloudi and RJaloudi@gmail.com) relating to the casino/gaming services provided by the remaining defendants, including but not limited to defendants, GOLDEN NUGGET CASINO, MGM CASINO a.k.a BET MGM, CASINO PARTY, BORGATA CASINO, BET AMERICA CASINO and DRAFT KINGS CASINO.

4.     The overwhelming amount of advertisements caused the Plaintiff to subscribe to the gaming services provided by the above-referenced Defendants.

5.     Unbeknownst to the Plaintiff during the months of September and October of 2020, Defendant, GOOGLE, in collaboration with Defendants, INSTAGRAM and FACEBOOK, provided relevant data and/or data analytics and/or information, targeting the

Plaintiff's download and use of the freeware mobile gaming application entitled "AbZorba Live BlackJack".

6.     At all times herein relevant, Plaintiff had no intention of gambling with real money, currency, or proprietary issue bearing any monetary value, when using "AbZorba Live BlackJack".

7.     At all times herein relevant, Plaintiff has a history of addiction and mental illness (Bipolar Disorder, ADHD and Learning Disabilities), which was personified and learned and/or made known to Defendants, FACEBOOK, INSTAGRAM, GOOGLE, and the remaining Defendants (either identified or yet to be identified) through the use of Social Media services and Mobile Application downloads.  Defendants, FACEBOOK, INSTAGRAM and GOOGLE have historically shown the undersigned Plaintiff a myriad of advertisements relating to mental illness and addiction.

8.     At all times herein relevant, Plaintiff is an eggshell Plaintiff, namely by reason of the data, information and/or data analytics collected by the above-referenced Defendants.  The above-mentioned Defendants have known or should have known of Plaintiff's condition based on the data they have collected.

9.     After the above-referenced Defendants' acts and omissions, Plaintiff began to engage in remote gambling (online gambling) in the State of New Jersey, playing a digital Blackjack game on an application developed by Defendant(s), SCIENTIFIC GAMES (a.k.a. SG DIGITAL), which was defective and fraudulent.

10.     The above-mentioned mobile and web-based application ("SG Blackjack") often froze, resulted in errors, taking wagers without allowing user action, and was designed to give the fictitious blackjack dealer an advantage over the user (i.e., Plaintiff).

11.     Plaintiff complained about "SG Blackjack" to Defendant, Golden Nugget's Support Team on numerous occasion to no avail.

12.     As a result, Plaintiff sustained serious monetary losses and was deprived of winning opportunities using "Blackjack Basic Strategy".

13.     The "SG Blackjack" was also defective in the sense that it never alerted the user (Plaintiff) to a proper shuffle of the decks as would happen in a traditional physical blackjack game. Therefore, it is believed that "blackjack basic strategy" would be ineffective against the game.

14.     In an attempt to recoup Plaintiff's losses while with Defendant, Golden Nugget, Plaintiff began to play "American Blackjack" on several of defendants' remote gaming platforms, including Golden Nugget, which had live dealers being broadcast and streamed over the Internet.

15.     To date, Plaintiff sustained approximately $20,000.00 in monetary losses as result of defendants' acts and omissions.

16.     Plaintiff alleges the following causes of action against all defendants: Negligence, Bad Faith, Legal Misrepresentation / Fraud, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Conversion, Violation of the Americans with Disabilities Act ("ADA"), Breach of Fiduciary Duties and Harm to Credit Worthiness.

## PARTIES

17.     Plaintiff, R.J., a citizen of the United States and resides in Englewood, New Jersey.

18.     Upon information and belief and at all times herein relevant, INSTAGRAM, was the owner of the "Instagram Social Media Application known as 'INSTAGRAM'") (https://instagram.com/), located at 1601 Willow Road, in the Township of Menlo Park, within the County of San Mateo, of the State of California;

19.     Upon information and belief and at all times herein relevant, Defendant, FACEBOOK, INC., was the owner of the "Instagram Social Media Application") (https://instagram.com/), located at 290 Page Street, in the City of San Francisco, within the County of San Francisco, of the State of California and/or with its Principal Place of Business, located at 1 Hacker Way #10, in the Township of Palo Alto, within the County of Santa Clara, of the State of California;

20.     Upon information and belief and at all times herein relevant, Defendant, MARK ZUCKERBERG, was the owner, majority shareholder, CEO, Chairman and Board Member, of the Defendants, INSTAGRAM and FACEBOOK, and he is located in his professional capacity at the office located at 1 Hacker Way #10, in the Township of Palo Alto, within the County of Santa Clara, of the State of California;

21.     Upon information and belief and at all times herein relevant, GOOGLE, was the owner of the "GOOGLE PLAY STORE" (https://play.google.com/), located at 1600 Amphitheatre Parkway, in the Township of Mountain View, within the County of Santa Clara, of the State of California and/or with its Principal Place of Business located at 19510 Jamboree Road #300, in the City of Irvine, within the County of Orange, of the State of California;

22.     Upon information and belief and at all times herein relevant, defendant, Golden Nugget, was the owner of the remote gambling site https://nj-casino.goldennuggetcasino.com/, and said defendant is located at 1 Huron Avenue, in Atlantic City, within the County of Atlantic, of the State of New Jersey;

23.     Upon information and belief and at all times herein relevant, defendant, Scientific Gaming Digital (a.k.a. SG Digital), was the owner and /or vendor of a computerized blackjack game "SG Blackjack", made available on the remote gambling site https://nj-

casino.goldennuggetcasino.com/, and said defendant is located at 833 Mill Road, in the Township of Pleasantville, within the County of Atlantic, of the State of New Jersey;

24.     Upon information and belief and at all times herein relevant , defendant, EZUGI (https://ezugi.com/about/) is located across international waters, including but not limited to Belgium, Colombia, Cambodia, Israel and other international countries. However, their site does not list any address and despite reasonable efforts, the Plaintiff is unable to discern the appropriate address for service of process. Demand is hereby made by Plaintiff of all Defendants, to provide the headquarters and/or principal place of business for Defendant, Ezugi, as all Defendants have contracted with Defendant, EZUGI, which is evident in their shared online casino environment/platform (e.g., same tables and dealers streamed from all of defendants' sites).

25.     Upon information and belief and at all times herein relevant, defendant, Scientific MGM CASINO a.k.a BET MGM and/or MGM Resorts International, was the owner of the remote gambling site https://casino.nj.betmgm.com/, and said defendant is located at MGM Resorts International. 3600 Las Vegas Blvd. South. Las Vegas, NV 89109;

26.     Upon information and belief and at all times herein relevant, defendant, Party Casino, was the owner of the remote gambling site https://casino.nj.partycasino.com/, and said defendant is also believed to the same defendant or is owned by the Parent Company, Borgata Hotel Casino & Spa, as located at 1 Borgata Way, in Atlantic City, within the County of Atlantic, of the State of New Jersey;

27.     Upon information and belief and at all times herein relevant, defendant, Bet America, was the owner of the remote gambling site https://nj.betamerica.com/and said defendant is also believed to the same defendant or is owned by the Parent Company, Borgata Hotel Casino & Spa, as located at 1 Borgata Way, in Atlantic City, within the County of Atlantic, of the State of New Jersey;

28.     Upon information and belief and at all times herein relevant, defendant, Draft Kings, was the owner of the remote gambling site https://www.draftkings.com/and https://casino.draftkings.com and said defendant is believed to located at 221 River Street, in the City of Hoboken, in the County of Hudson, of the State of New Jersey;

29.     Upon information and belief and at all times herein relevant, defendant, the State of New Jersey, is located and represented by the Office of The Attorney General, headquartered at Richard J. Hughes Justice Complex (HJC), 8th Floor, West Wing, 25 Market Street, Trenton, NJ 08625-0080.

## FIRST COUNT
## NEGLIGENCE

30.     At all times herein relevant, all of the above-captioned Defendants violated the terms, covenants and conditions as set forth in their own "Terms & Conditions".

31.     Defendants have preyed on the Plaintiff by surreptitiously targeting his mobile application usage, causing him to gamble and form a gambling addiction that has resulted in monetary losses and mental anguish;

32.     Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring the Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights to be free from coercive marketing tactics.

33.     Through such actions, defendants, acting individually and in concert, created and enforced a system and/or environment akin to involuntary servitude, as the ads continued to overwhelm the Plaintiff with promises of match bonuses for deposits and the imagination of financially prospering began to surface and took over Plaintiff's free-will.  Plaintiff began to sign up to various online casinos without realizing how uncontrollable it has become.

34.    The Plaintiff, as a result of Defendants' acts and omissions was succumbed to their coercive marketing campaigns.

35.    Defendants breached their duty of care by negligently, accidentally or recklessly creating a punishing, hazardous and unduly harsh social media and mobile application environment, by negligently, accidentally or recklessly failing to safeguard the mental and physical health and well-being of plaintiff, and by negligently, accidentally or recklessly failing to provide plaintiff with ordinary social media and mobile application platform services.

36.    Defendants' breach of this duty directly and proximately caused Plaintiff to suffer damage and bodily injury not arising in or out of his employment, including fear, humiliation, depression, severe physical and emotional distress as well as prolonged illness.

37.    Defendants, FACEBOOK, INSTAGRAM and GOOGLE, promised to indemnify the Plaintiff from the harm and damages that has been incurred by Plaintiff pursuant to the social media agreements, also known as "Terms & Conditions", which Defendants have breached by going on marketing campaign for Gambling on Plaintiff's Social Media Accounts, namely his Facebook and Instagram accounts and/or by Defendants collaborating with one another to amplify their own marketing sales derived from their Clients, Defendants, GOLDEN NUGGET CASINO, SG DIGITAL, EZUGI GAMING, MGM CASINO a.k.a BET MGM, CASINO PARTY, BORGATA CASINO, BET AMERICA CASINO, DRAFT KINGS CASINO, (hereinafter referred to as "CASINO DEFENDANTS"), "JOHN DOES 1-10", and "ABC COMPANIES 1-10;

38.    All of the above-captioned Defendants, FACEBOOK INC., INSTAGRAM, MARK ZUCKERBERG, GOOGLE, GOLDEN NUGGET CASINO, SG DIGITAL, EZUGI GAMING, MGM CASINO a.k.a BET MGM, CASINO PARTY, BORGATA CASINO, BET AMERICA CASINO, DRAFT KINGS CASINO, "JOHN DOES 1-10", and "ABC COMPANIES

1-10" (both being fictitious   designations), individually and/or collectively caused great and irreparable harm to Plaintiff; namely as a direct and proximate result of Defendant's actions, Plaintiff has been financially damaged and suffered an economic loss and has sustained other damages, including but not limited to, mental anguish, pain and suffering, and punitive damages ; and

39.     As a result of the conduct of Defendants, jointly and severally, Plaintiff has suffered compensatory damages, including, but not limited to the loss of his employment, including back and front pay, social security, fringe benefits, medical benefits, future earnings, emotional pain and suffering, physical pain and suffering, attorney's fees, and such other actual damages as permitted for recovery by the laws of the State of New Jersey and the United States of America.

40.     The names, capacities and relationships of "JOHN DOES 1-10" and "ABC COMPANIES 1-10" (both being fictitious designations) will be alleged by amendment to this Complaint when, and if, they become known;

**WHEREFORE**, Plaintiff, R.J., demands judgment against Defendants, FACEBOOK INC., INSTAGRAM, MARK ZUCKERBERG, GOOGLE, GOLDEN NUGGET CASINO, SG DIGITAL, EZUGI GAMING, MGM CASINO a.k.a BET MGM, CASINO PARTY, BORGATA CASINO, BET AMERICA CASINO, DRAFT KINGS CASINO, "JOHN DOES 1-10", and "ABC COMPANIES 1-10" (both being fictitious   designations), for the sum of $100,000,000.00, plus accrued attorneys' fees and contractual remedies, together with interest and costs of suit, in addition to all such other relief as this Court may deem equitable and just.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly and severely for compensatory and punitive damages, together with reasonable attorney's fees, costs of suit and such further relief as the Court may deem equitable and just.

## SECOND COUNT
## BAD FAITH

41.     Plaintiff, R.J., repeats and reiterates the allegations contained in the First Count of the Complaint, and incorporates same as though set forth at length herein;

42.     Defendants concealed damage caused to the Plaintiff through its acts and omissions and refused to abide by their own terms and covenants, the laws governing advertising in the State of New Jersey and the New Jersey Consumer Fraud Act;

43.     Defendants intentionally and/or negligently misrepresented the purpose of their social media services to the Plaintiff;

44.     Defendant(s) breached the above-described terms and conditions and the laws of the State of New Jersey (including but not limited to laws governing Advertising and Casino Gaming), for reasons incompatible with good faith and fair dealing, as a proximate and foreseeable result of which Plaintiff suffered damages.  This non-compliance was wholly unsupported by any arguable reasons, was willful, malicious, and in bad faith;

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severely for damages, together with interest, attorneys' fees and costs of suit, in addition to any and all further relief that the Court finds equitable and just.

## THIRD COUNT
## LEGAL MISREPRESENTATION, FRAUD

45.     Plaintiff, R.J., repeats and reiterates the allegations contained in the First Count of the Complaint, and incorporates same as though set forth at length herein;

46.     Plaintiff is informed and believes that the Casino Defendants and Game Developers, Defendants, EZUGI and SG DIGITAL, intentionally and knowingly concealed the defective state of the aforementioned Blackjack Games by concealing the fact the blackjack games were defective, fraudulent and/or unbecoming of a traditional Blackjack game.

47.     As a result of the conduct of Defendants, jointly and severally, Plaintiff has suffered compensatory damages, including, but not limited to the loss of his secondary employment, including back and front pay, social security, fringe benefits, medical benefits, future earnings, emotional pain and suffering, physical pain and suffering, attorney's fees, and such other actual damages as permitted for recovery by the laws of the State of New Jersey and the United States of America.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly and severely for compensatory and punitive damages, together with reasonable attorney's fees, costs of suit and such further relief as the Court may deem equitable and just.

## FOURTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.     Plaintiff, R.J., repeats and reiterates the allegations contained in the First Count of the Complaint, and incorporates same as though set forth at length herein;

49.     Plaintiff repeats and makes a part hereof the allegations contained in each and every prior paragraph and count of this complaint as if same were more fully set

50.     forth at length herein.

51.     Defendants are liable to plaintiff for the tort of intentional infliction of emotional distress in that (a) the acts of the Defendants and Plaintiff's emotional distress resulting therefrom were the result of intentional and/or reckless conduct on the part of Defendants; (b) the conduct was extreme and outrageous; (c) the conduct of Defendants was the proximate cause of the emotional injuries sustained by Plaintiff; and (d) the emotional distress sustained by Plaintiff was genuine and substantial and had a demonstrable negative effect on his life and work and has forced Plaintiff to seek medical and or psychological attention.

52.     During the course of Plaintiff's gaming activities, Defendants intentionally and recklessly harassed and inflicted emotional injury on Mr. Jaloudi by subjecting him to outrageous

treatment beyond all bounds of decency; example include but are not limited to Defendants' dealers chastising the Plaintiff, blocking his chat forum (to prevent him from complaining publicly), blocking him from contacting "Support Teams" and often disregarding their promises to reimburse him for defective gaming services . Defendants verbally and mentally abused Plaintiff and treated him in a demeaning and inferior manner, which no reasonable person could be expected to endure. As a direct and proximate result of these malicious and conscious wrongful actions, Plaintiff has sustained severe emotional distress, resulting in bodily injury, and damages, including punitive damages, to be determined at trial.

53.    Defendants' breach of this duty directly and proximately caused Plaintiff to suffer genuine and substantial emotional distress. Plaintiff's emotional distress manifested itself in fear, humiliation, depression, heart palpitations, mania, insomnia, anxiety attacks, suicidal ideation, panic attacks, shortness of breath and headaches.

54.    As a result of the conduct of Defendants, jointly and severally, Plaintiff has suffered compensatory damages, including, but not limited to the loss of his employment, including back and front pay, social security, fringe benefits, medical benefits, future earnings, emotional pain and suffering, physical pain and suffering, attorney's fees, and such other actual damages as permitted for recovery by the laws of the State of New Jersey and the United States of America.

55.    The conduct of the Defendants, each of them, was willful and wanton.

**WHEREFORE,** Plaintiff demands judgment against the Defendants jointly and severely for compensatory and punitive damages, together with reasonable attorney's fees, costs of suit and such further relief as the Court may deem equitable and just.

## FIFTH COUNT
## NEGLIENT INFLICTION OF EMOTIONAL DISTRESS

56.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

57.     Defendants owed Plaintiff a duty of care in providing him with ordinary and reasonable social media and casino services (respectively referring to "Social Media / Mobile Application Defendant" and "Casino Defendants" respectively).

58.     Defendants' breach of this duty directly and proximately caused Plaintiff to suffer genuine and substantial emotional distress. Plaintiff's emotional distress manifested itself in fear, humiliation, depression, heart palpitations, mania, anxiety attacks, panic attacks, shortness of breath and headaches.

59.     Plaintiff's injuries were foreseeable because a reasonable person would have known that Defendants' actions would cause a reasonable person substantial emotional distress.

60.     Plaintiff's injuries were not caused by, nor were they the result of, his own free will.

61.     As a result, Ms. Chere has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly and severely for compensatory and punitive damages, together with reasonable attorney's fees, costs of suit and such further relief as the Court may deem equitable and just.

## SIXTH COUNT
## AMERICANS WITH DISABILITIES ACT ("ADA")

62.     Plaintiff, R.J., repeats and reiterates the allegations contained in the First Count of the Complaint, and incorporates same as though set forth at length herein;

63.     Plaintiff suffers from mental illness (Bipolar Disorder, Depression, ADHD and learning disabilities).

64.     As a result of the above disabilities, the Plaintiff is protected by "The Americans with Disabilities Act",

65.     Defendants (namely the above-referenced "Casino Defendants") fail to provide Reasonable Accommodations for gaming (casino) patrons when conducting such gaming activities remotely (i.e., online gambling). Such examples include: (1) a short allotted time to place a wager and make a decision on how to act on such casino wagers during the game of "American Blackjack", which is done with Live Casino Dealers (the allotted time is only a few seconds); (2) Casino Dealer Chat Services and Support Services are frequently unavailable, causing the Plaintiff to lose his wager as a result of Defendants omissions;

66.     Defendant, the STATE of NEW JERSEY, has failed to take into account the impact of "remote gaming and/or online casino gambling" on Americans with Disabilities, as described above.

67.     Plaintiff was at a disadvantage compared to the majority of other casino players against the Blackjack dealers, due to the time constraints and Defendants failures and omissions to act when support was needed by the Plaintiff.

68.     Often, the Casino Defendants would fail to provide adequate support. Examples include, wagers taken by the Casino Defendants and the Plaintiff being kicked off their gaming sites and returning to their online gaming sites to learn that the wages have been taken without having had an opportunity to act (e.g., hit, stand, split, surrender, etc. in the game of Blackjack). Another example includes Plaintiff's inability to refer to his "Blackjack Basic Strategy Chart" within the allotted time, which traditional physical (as opposed to "remote gaming") gaming/casino establishments would permit patrons to do while acting on a wager in the game of Blackjack.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly and severely for compensatory and punitive damages, together with reasonable attorney's fees, costs of suit and such further relief as the Court may deem equitable and just.

## SEVENTH COUNT
## CONVERSION

69.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

70.     Upon Plaintiff's gaming/casino activities, Casino Defendants retained possession of Plaintiff's money deposits, which they continue to possess unlawfully.

71.     Plaintiff demands the immediate return of all money obtained by all Defendants.'

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly and severely for compensatory and punitive damages, together with reasonable attorney's fees, costs of suit and such further relief as the Court may deem equitable and just.

## EIGHTH COUNT
## BREACH OF FIDUCIARY DUTY

72.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

73.     All Defendants had a fiduciary duty to act in Plaintiff's best interests. Defendants assumed a fiduciary responsibility by bringing Plaintiff to their social medica platforms, mobile application platform and casino platforms with the knowledge that Plaintiff would be dependent on Defendants.

74.     Defendants breached their fiduciary duty to Plaintiff by negligently, accidentally or recklessly failing to safeguard Plaintiff's mental and physical health and wellbeing, and by negligently, accidentally or recklessly failing to provide Mr. Jaloudi with needed medical attention.

75.     Defendants' breach of this duty directly and proximately caused Mr. Jaloudi to suffer damage and bodily injury not arising in or out of his employment, including fear,

humiliation, depression, severe physical and emotional distress as well as prolonged illness, painful and permanent addiction and mental anguish.

76. As a result, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly and severely for compensatory and punitive damages, together with reasonable attorney's fees, costs of suit and such further relief as the Court may deem equitable and just.

## NINETH COUNT
## HARM TO PLAINTIFF'S CREDIT WORTHINESS

77. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

78. As a result of Defendants' tortious acts and omissions, Plaintiff was coerced into trying to recoup his gambling losses, causing further losses to his life savings (from his two checking accounts) and now forcing him into Bankruptcy proceedings as he is unable to make payments to creditors, including but not limited to, personal private loans, credit cards and student loans.

79. Also, Plaintiff was planning to pay a debt of $10,000.00 to the New Jersey Institute of Technology (NJIT)to complete his Masters Degree in Compute Science, but is now unable to do so as a result of the incurred losses caused by defendants' tortious acts and omissions.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly and severely for compensatory and punitive damages, together with reasonable attorney's fees, costs of suit and such further relief as the Court may deem equitable and just.

<u>**TENTH COUNT**</u>
<u>**CARELESS CONTRACTUAL WORK INJURING PLAINTIFF**</u>
<u>**- ON THE ISSUE OF SOCIAL MEDIA & DATA GATHERING/ANALYTICS -**</u>

80.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

81.     Defendants, parties to a Contract(s) with one another (i.e., Facebook, Instagram and Google), utilizing data analytics, various targeting and marketing algorithms, failed to undertake their work in a careful and prudent manner.

82.     As a result, Defendants are liable to Plaintiff (not a party to said Contract(s)) for personal injuries and damage to property, proximately caused by their failure to exercise that care.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly and severely for compensatory and punitive damages, together with reasonable attorney's fees, costs of suit and such further relief as the Court may deem equitable and just.

<u>**ELEVENTH COUNT**</u>
<u>**CARELESS CONTRACTUAL WORK INJURING PLAINTIFF**</u>
<u>**-ON THE ISSUE OF GAMING/GAMBLING-**</u>

83.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

84.     Defendants, parties to a Contract(s) with Defendant, EZUGI GAMING and SCIENTIFIC GAMES (a.k.a. SG DIGITAL), failed to undertake their work in a careful and prudent manner.

85.     As a result, Defendants are liable to Plaintiff (not a party to said Contract(s)) for personal injuries and damage to property, proximately caused by their failure to exercise that care.

**WHEREFORE,** Plaintiff demands judgment against the Defendants jointly and severely for compensatory and punitive damages, together with reasonable attorney's fees, costs of suit and such further relief as the Court may deem equitable and just.

**TWELVTH COUNT**
**INVASION OF PRIVACY**

86.   Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

87.   Defendants intentionally intruded upon Plaintiff's seclusion and private concerns, which are highly offensive to a reasonable person; and/or

88.   Defendants exposed Plaintiff's name, identity and/or likeness for a commercial or beneficial purpose; and/or

89.   Defendants placed Plaintiff in a false light which is highly offensive to a reasonable person where the defendants/actors had knowledge of and/or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff was placed.

**WHEREFORE,** Plaintiff demands judgment against the Defendants jointly and severely for compensatory damages, punitive damages, and special damages, together with reasonable attorney's fees, costs of suit and such further relief as the Court may deem equitable and just.

**THIRTEENTH COUNT**
**DECLARATORY JUDGMENT**
**- ON THE ISSUE OF GAMBLING -**

90.   Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

91.   Plaintiffs seek relief under the New Jersey Declaratory Judgment Act. N.J.S.A. 2A:16-50 et seq. This act allows parties to site for a judicial declaration in order to declare and settle the rights and obligations of the parties.

92.     Each of these State and Federal constitutional rights are being violated and will in the future again be violated by the application of the NJ Remote Gaming Statute in juxtaposition to the federal statute, the Americans with Disabilities Act.

a.     **PRAYER FOR RELIEF:**

i.   Declaring the New Jersey Remote/Internet Gaming Statutes and Act, N.J.S.A. 5:12-95.17 through 5:12-95.33, as inconsistent with Federal Law, as noted under "Internet gaming shall only occur within the State of New Jersey, unless the conduct of such gaming is not inconsistent with Federal law, law of the jurisdiction, including any foreign nation, in which the participating patron is located, or such gaming activity is conducted pursuant to a reciprocal agreement to which this State is a party that is not inconsistent with Federal law". See N.J.A.C. 13:69O-1.2 (e)(2).

ii.  Declaring the New Jersey Internet Gaming Statutes and Act, N.J.S.A. 5:12-95.17 through 5:12-95.33, as Unconstitutional pursuant to the New Jersey Constitution. See Article I of the New Jersey Constitution, wherein it states under Paragraph 1: "6.     Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right. No law shall be passed to restrain or abridge the liberty of speech or of the press. In all prosecutions or indictments for libel, the truth may be given in evidence to the jury; and if it shall appear to the jury that the matter charged as libelous is true, and was published with good motives and for justifiable ends, the party shall be acquitted; and the jury shall have the right to determine the law and the fact." The Plaintiff's rights were abridged by Casino Defendants by blocking Plaintiff from the Public Chat and the Support Chat frequently whenever raising a complaint regarding their

awful service. This was done to silence the Plaintiff and conceal their tortious acts and omissions, their dereliction of duties and so forth.

iii.   SECTION VII

iv.   Declaring that the Gaming Statutes and Act, N.J.S.A. 5:12-95.17 through 5:12-95.33, violates the Equal Protection principles of Article 1, Paragraph 1 of the New Jersey Constitution as applied to Plaintiff and similarly situated online casino persons throughout the State;

v.   Declaring that the Internet Gaming Statutes and Act, N.J.S.A. 5:12-95.17 through 5:12-95.33, violates fundamental rights protected by the New Jersey Constitution as applied to Plaintiff and similarly situated online casino patrons, and deprives patrons with disabilities within State of their due process rights:

vi.   Declaring that Internet Gaming Statutes and Act, N.J.S.A. 5:12-95.17 through 5:12-95.33, as applied to Plaintiff and similarly situated online casino patrons throughout the State, violates the New Jersey Civil Rights Act;

vii.   Declaring that Internet Gaming Statutes and Act, N.J.S.A. 5:12-95.17 through 5:12-95.33, violates the rights provided under the New Jersey Law Against Discrimination (LAD) (N.J.S.A. 10:5-1 et seq.), wherein LAD makes it unlawful to subject people to discrimination or harassment based on race, creed, color, national origin, nationality, ancestry, sex, pregnancy, breastfeeding, sexual orientation, gender identity or expression, disability, familial status, marital status, domestic partnership/civil union status, liability for military service, and in some cases atypical hereditary cellular or blood trait, genetic information, and age. The LAD prohibits unlawful discrimination in employment, housing, places of public accommodation, credit and business contracts.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted as follows:

1.    A. Declaratory judgment;

2.    Money damages in the amount sought for each Claim for Relief plus interest;

3.    Return of Plaintiff's possessions unlawfully kept;

4.    Attorney's fees and costs plus interest

5.    Such other and further relief as this Court may deem just and proper.

### FOURTEENTH COUNT
### DECLARATORY JUDGMENT
### - ON THE ISSUE OF SOCIAL MEDIA & PRIVACY -

93.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

94.    Plaintiffs seek relief under the New Jersey Declaratory Judgment Act. N.J.S.A. 2A:16-50 et seq. This act allows parties to site for a judicial declaration in order to declare and settle the rights and obligations of the parties.

95.    Each of these State and Federal constitutional rights are being violated and will in the future again be violated by the application of the NJ Remote Gaming Statute in juxtaposition to the federal statute, the Americans with Disabilities Act.

a.    **PRAYER FOR RELIEF:**

i.    Declaring that Defendants, FACEBOOK, INSTAGRAM and GOOGLE in their tortious acts and omissions, consisting of, including but not limited to, the use of improper data analytics and algorithms and lack of reasonable management measures and controls, constitute an Invasion of Privacy to Plaintiff and similarly situated persons using their services.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted as follows:

6.     A. Declaratory judgment;

7.     Money damages in the amount sought for each Claim for Relief plus interest;

8.     Return of Plaintiff's possessions unlawfully kept;

9.     Attorney's fees and costs plus interest

10.     Such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

### DESIGNATION of TRIAL COUNSEL

Pursuant of Rule 4:5-1(c), Mr. R.J., is hereby designated as Trial Counsel.

### NOTICE PURSUANT TO RULES 1:5-1(a) and 4:17

PLEASE TAKE NOTICE that the undersigned Plaintiff does hereby demand, pursuant to the above-cited Rules of Court, that each party herein serving pleadings and interrogatories, and receiving answers thereto, serve copies of all such pleadings and answered interrogatories, together with all documents, papers and other material referred to therein received from any party, upon the undersigned attorney. PLEASE TAKE FURTHER NOTICE that this is a continuing demand.

## NOTICE PURSUANT TO RULES 4:18

PLEASE TAKE NOTICE that the undersigned Plaintiff does hereby demand, pursuant to the above-cited Rules of Court, that each party herein provide all documents, papers and other material referred to therein received from any party, upon the undersigned attorney.   PLEASE TAKE FURTHER NOTICE that this is a continuing demand.   Plaintiff also hereby demands entry upon Defendant Casinos' land and property where Live American Blackjack services are conducted.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10, Demand is made that Defendant(s) disclose to Plaintiff's counsel, whether or not there are any insurance agreements or policies, under which any person or firm carrying on an insurance business, may be liable to satisfy part or all of a judgment that may be entered in this action, or indemnify or reimburse for payments made to satisfy the judgment.  Further, Demand is hereby made that Defendant(s) provide Plaintiff's counsel with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets.  This Demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies, together with any and all other supplemental policies.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by this Plaintiff, and that there are no other parties, whom, to the knowledge of Plaintiff's counsel, should be joined in this action.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:

Dated:  October 13, 2020

BER L  006066-20   10/15/2020 4:22:50 AM  Pg 1 of 1 Trans ID: LCV20201830064

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK         NJ 07601-7680
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM

                      DATE:   OCTOBER 14, 2020
                      RE:     J. R.  VS FACEBOOK INC.
                      DOCKET: BER L -006066 20

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON PETER G. GEIGER

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:  (201) 527-2600.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                      ATTENTION:
                            R. J.
                            78 W. HUDSON AVENUE
                            APT C1
                            ENGLEWOOD        NJ 07631


JUBVAL1
```

| | |
|---|---|
| **Civil Case Information Statement (CIS)**<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**<br>**if information above the black bar is not completed**<br>**or attorney's signature is not affixed** | **For Use by Clerk's Office Only**<br>Payment type: ☐ ck ☐ cg ☐ ca<br><br>Chg/Ck Number:<br><br>Amount:<br><br>Overpayment:<br><br>Batch Number: |

| Attorney/Pro Se Name<br>Rami Jaloudi (using pseudonym R.J.) | Telephone Number<br>(201) 832-5000 | County of Venue<br>Bergen ▼ |
|---|---|---|
| Firm Name (if applicable) | | Docket Number (when available) |
| Office Address<br>78 W. Hudson Avenue, Apt. C1<br>Englewood, NJ 07631 | | Document Type<br>Civil Complaint |
| | | Jury Demand ☒ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff)<br>R.J. | Caption<br>R.J. v. FACEBOOK INC., INSTAGRAM, MARK ZUCKERBERG, GOOGLE, GOLDEN NUGGET CASINO, SCIENTIFIC GAMES (a.k.a. SG DIGITAL), EZUGI GAMING, MGM CASINO a.k.a BET MGM, CASINO PARTY, BORGATA CASINO, BORGATA HOTEL CASINO & |
|---|---|
| Case Type Number<br>(See reverse side for listing)<br>618, 699, 605 & 599 | Are sexual abuse claims alleged?<br>☐ Yes ☒ No | Is this a professional malpractice case? ☐ Yes ☒ No<br>If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |
| Related Cases Pending?<br>☐ Yes ☒ No | If "Yes," list docket numbers | |
| Do you anticipate adding any parties<br>(arising out of same transaction or occurrence)?<br>☒ Yes ☐ No | Name of defendant's primary insurance company (if known)<br>☐ None<br>☒ Unknown | |

| **The Information Provided on This Form Cannot be Introduced into Evidence.** |
|---|

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship?<br>☒ Yes ☐ No | If "Yes," is that relationship?<br>☐ Employer/Employee ☐ Friend/Neighbor ☒ Other (explain)<br>☐ Familial ☐ Business<br>Social Media, Casinos / Patron |
|---|---|

| Does the statute governing this case provide for payment of fees by the losing party? ☒ Yes ☐ No |
|---|

| Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition |
|---|
| |

| ♿ | Do you or your client need any disability accommodations?<br>☒ Yes ☐ No | If yes, please identify the requested accommodation:<br>Extra Time due to Learning Disabilities, Bipolar Disorder & ADHD |
|---|---|---|
| | Will an interpreter be needed?<br>☐ Yes ☒ No | If yes, for what language? |

| I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b). |
|---|
| Attorney Signature: *Rami Jaloudi* |



**Side 2**

# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 Name Change | 506 PIP Coverage |
| 175 Forfeiture | 510 UM or UIM Claim (coverage issues only) |
| 302 Tenancy | 511 Action on Negotiable Instrument |
| 399 Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | 512 Lemon Law |
| | 801 Summary Action |
| 502 Book Account (debt collection matters only) | 802 Open Public Records Act (summary action) |
| 505 Other Insurance Claim (including declaratory judgment actions) | 999 Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 Construction | 603Y Auto Negligence – Personal Injury (verbal threshold) |
| 509 Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | 605 Personal Injury |
| | 610 Auto Negligence – Property Damage |
| 699 Contract/Commercial Transaction | 621 UM or UIM Claim (includes bodily injury) |
| 603N Auto Negligence – Personal Injury (non-verbal threshold) | 699 Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 Civil Rights | 608 Toxic Tort |
| 301 Condemnation | 609 Defamation |
| 602 Assault and Battery | 616 Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 Medical Malpractice | |
| 606 Product Liability | 617 Inverse Condemnation |
| 607 Professional Malpractice | 618 Law Against Discrimination (LAD) Cases |

### Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 Environmental/Environmental Coverage Litigation | 514 Insurance Fraud |
| 303 Mt. Laurel | 620 False Claims Act |
| 508 Complex Commercial | 701 Actions in Lieu of Prerogative Writs |
| 513 Complex Construction | |

### Multicounty Litigation (Track IV)

| | |
|---|---|
| 271 Accutane/Isotretinoin | 601 Asbestos |
| 274 Risperdal/Seroquel/Zyprexa | 623 Propecia |
| 281 Bristol-Myers Squibb Environmental | 624 Stryker LFIT CoCr V40 Femoral Heads |
| 282 Fosamax | 625 Firefighter Hearing Loss Litigation |
| 285 Stryker Trident Hip Implants | 626 Abilify |
| 286 Levaquin | 627 Physiomesh Flexible Composite Mesh |
| 289 Reglan | 628 Taxotere/Docetaxel |
| 291 Pelvic Mesh/Gynecare | 629 Zostavax |
| 292 Pelvic Mesh/Bard | 630 Proceed Mesh/Patch |
| 293 DePuy ASR Hip Implant Litigation | 631 Proton-Pump Inhibitors |
| 295 AlloDerm Regenerative Tissue Matrix | 632 HealthPlus Surgery Center |
| 296 Stryker Rejuvenate/ABG II Modular Hip Stem Components | 633 Prolene Hernia System Mesh |
| 297 Mirena Contraceptive Device | |
| 299 Olmesartan Medoxomil Medications/Benicar | |
| 300 Talc-Based Body Powders | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ **Putative Class Action**   ☐ **Title 59**   ☐ **Consumer Fraud**